## EDWARDS v. BROWNLOW et al.

(Court of Appeals of District of Columbia. Submitted February 14, 1921. Decided March 7, 1921.)

No. 3456.

1. **Eminent domain ☞182—Notice by publication and personal service on owners who can be found in the District held required.**

Code of Law 1911, § 491c, requires both general notice of a condemnation proceeding for the opening of a street by publication and personal service of the notice upon such owners of land to be condemned as can be found within the District of Columbia.

2. **Eminent domain ☞167(4)—Provisions of statute as to notice are jurisdictional, and must be strictly followed.**

In an action to condemn and take private property in opening a street, the requirements of the statutes as to notice are jurisdictional, and must be strictly followed.

3. **Eminent domain ☞224—Party moving to quash verdict for want of service must show he was subject to personal service.**

A landowner, whose name was not included in the list turned over to the marshal in a condemnation proceeding for personal service, cannot have the verdict quashed on motion for want of service, where it does not appear that he was a resident of the District of Columbia, or so situated as to be subject to personal service under Code of Law 1911, § 491c.

Appeal from the Supreme Court of the District of Columbia.

Condemnation proceeding by Louis Brownlow and others, Acting Commissioners of the District of Columbia, in which W. Walton Edwards filed a motion to quash the verdict. From a judgment confirming the verdict, Edwards appeals. Affirmed.

W. Walton Edwards, of Washington, D. C., in pro. per.

F. H. Stephens and F. W. Hill, Jr., both of Washington, D. C., for appellees.

VAN ORSDEL, Associate Justice. This action arose out of condemnation proceedings to open a street, instituted in the Supreme Court of the District of Columbia by the commissioners of the District.

Appellant, Edwards, appeared after the jury had made its findings as to damages and assessments of benefits, and filed exceptions to the verdict on the principal ground that he, the owner of certain land condemned and taken, was not made a party thereto, and "was not served with process or otherwise given notice of these proceedings." Upon motion by counsel for the District to confirm the verdict notwithstanding the exceptions, appellant filed a motion, supported by an affidavit, to quash the verdict of the jury. Aside from an indefinite averment that the proceedings were irregular and illegal, the principal ground of the motion was:

"That the owners of the fee simple of all the land involved were not made parties to this cause, nor served with process or notice as required by the statute and by the order of this court."

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

On hearing, the motion was denied, and judgment confirming the verdict entered, from which this appeal was taken.

Section 491c of the District Code, under which notice was given and service was attempted to be made, reads as follows:

"The said court shall cause public notice of not less than twenty days to be given of the institution of such proceeding, by advertisement in three daily newspapers published in the District of Columbia, which notice shall warn and require all persons having any interest in the proceeding to appear in court at a day to be named in said notice, and to continue in attendance until the court shall have made its final order ratifying and confirming the award of damages and the assessment of benefits by the jury herein provided for; and in addition to such published notice said court shall cause a copy of said notice to be served by the United States marshal for the District of Columbia, or his deputies, upon such owners of the land to be condemned as can be found by said marshal, or his deputies, within the District of Columbia, and upon the tenants and occupants of the same. The said court shall appoint a guardian ad litem for any person interested in the proceeding who may be under disability."

[1, 2] It is clear that the statute requires both general notice by publication and personal service of the notice by the marshal upon such owners of land to be condemned as can be found within the District of Columbia. As this is an action to condemn and take private property for public use, the requirements of the statute as to notice are jurisdictional, and must be strictly followed. Boswell v. Otis, 9 How. 336, 13 L. Ed. 164; Brown v. Macfarland, 19 App. D. C. 525; Fay v. MacFarland, 32 App. D. C. 295; Lynchburg Investment Corp. v. Rudolph, 40 App. D. C. 129.

[3] No point is made that the notice by publication was defective. To that extent, therefore, the requirements of the statute as to appellant have been satisfied. The return of the marshal discloses the names of the persons served and the names of the persons "not to be found," from which it may be inferred that appellant's name was not included in the list turned over to the marshal for personal service. It nowhere appears that appellant was a resident of the District of Columbia, or so situated that he was subject to personal service. This controlling fact does not appear in the motion to quash the verdict or in the affidavit in support thereof. The failure to point out the only defect upon which the jurisdiction of the court could be challenged leaves appellant without any legal status which would justify setting aside the findings of the jury.

The judgment is affirmed, with costs.

Affirmed.

Mr. Justice STAFFORD, of the Supreme Court of the District of Columbia, sat in the place of Mr. Justice ROBB in the hearing and determination of this appeal.