## NATIONAL SAVINGS & TRUST CO. v. REICHELDERFER et al., Commissioners of District of Columbia.

### No. 5283.

Court of Appeals of District of Columbia.

Argued Jan. 7, 1932.

Decided Feb. 8, 1932.

Mark P. Friedlander, of Washington, D. C., for appellant.

William W. Bride, Vernon E. West, and T. F. Cameron, all of Washington, D. C., for appellees.

Before MARTIN, Chief Justice, and ROBB, VAN ORSDEL, HITZ, and GRONER, Associate Justices.

VAN ORSDEL, Associate Justice.

This is a condemnation proceeding for the establishment of a building line on Mintwood place, in the city of Washington, under the provisions of the Act of Congress of June 21, 1906 (34 Stat. 384 [D. C. Code 1929, T. 25, §§ 31–33, 35, 36]). The act authorized the commissioners to establish building lines on streets less than ninety feet in width, upon the petition of the owners of more than one-half of the real estate involved.

Pursuant to this authority, the commissioners filed a petition for the establishment of a building line on Mintwood place. The petition described the land to be taken and gave the names of the owners thereof. The land involved in this case was described in the petition as follows: "Part of Lot 20, being part of lot taxed as Lot 858. Being a strip of land 10 feet wide lying immediately northerly of the northerly line of Mintwood Place (45 feet wide), by full width of said lot 858, containing 500 square feet. (James J. Walsh, owner. Residence: 1869 Mintwood Place NW.)"

Following the filing of the petition, the court entered an order directing "that all persons having any interest in these proceedings be, and they are hereby, warned and commanded to appear in this court on or before the 6th day of October, 1927, at 10 o'clock a. m., and continue in attendance until the court shall have made its final order ratifying and confirming the award of damages and the assessment of benefits of the jury to be empaneled and sworn herein."

The court directed notice to be published in two daily newspapers in the District, which was done, and no exception was taken to the sufficiency of the publication. The court further ordered "that a copy of this notice and order be served by the United States marshal or his deputies, upon such of the owners of the fee of the land to be condemned herein as may be found by the said marshal or his deputies within the District of Columbia and upon the tenants and occupants of the same before the said 6th day of October, 1927."

Among the parties to be served was James J. Walsh, whose address was given as 1869 Mintwood place. On the marshal's return, notation was made under his name "Not to be found." Thereafter proceedings were had which resulted in a verdict of the jury fixing damages and assessing benefits. In the absence of any exception having been filed to the verdict, the court entered an order ratifying and confirming the same.

Thereafter appellant James S. Hunt, in whose stead the National Savings & Trust Company has been substituted as appellant, as successor in title to James J. Walsh, filed a motion to quash and vacate the verdict of the jury against the part of lot 20 (taxed as lot 858) in square 2549. This motion was supported by an affidavit setting forth that from a time prior to the filing of the petition until at least April 17, 1928, James J. Walsh was the record owner of the property and that he was a resident of the District of Columbia and listed in the city directory and maintained an office and residence in said District, and could have been served with process if he had been properly named in the order. From an order of the court below overruling the motion to quash, this appeal was taken.

It presents the single question as to whether the proceedings in the court below must fail because of the failure of the marshal to obtain personal service upon the record owner of the property in question. The requirements for notice in this case are set forth in section 1608f of the District Code (D. C. Code 1929, T. 25, § 81), as follows: That "the said court shall cause public notice of not less than ten days to be given of the filing of said proceedings, by advertisement in such manner as the court shall prescribe, which notice shall warn all persons having any interest in the proceedings to attend court at a day to be named in said notice and to continue in attendance until the court shall have made its final order ratifying and confirming the award of damages and assessment of benefits of the jury; and, in addition to such public notice, said court, whenever in its judgment it is practicable to do so, shall cause a copy of said notice to be served by the United States marshal for the District of Columbia, or his deputies, upon such owners of the fee of the land to be condemned as may be found by said marshal or his deputies within the District of Columbia." It will be observed that this statute does not require personal service. This is a matter left to the discretion of the court.

It is a general rule of law that statutes relating to taxation or condemnation of land

are general in their application, and the owners of land are presumed to have notice of their provisions. To that end the procedure may be somewhat summary in character, provided only that the notice shall give sufficient time to enable the parties affected to appear and protect their rights. North Laramie Land Co. v. Hoffman, 268 U. S. 276, 45 S. Ct. 491, 69 L. Ed. 953; Huling v. Kaw Valley Railway & Improvement Co., 130 U. S. 559, 9 S. Ct. 603, 32 L. Ed. 1045; Ballard v. Hunter, 204 U. S. 241, 27 S. Ct. 261, 51 L. Ed. 461.

In the case of King v. Rudolph, 35 App. D. C. 558, 560, relied on by counsel for appellee, the establishment of a building line was involved. An order similar to the one in the present case was given, directing notice by publication and also personal service "upon such of the owners of the fee of the land to be condemned as may be found by the said marshal or his deputies within the District of Columbia." King, a resident of the District, was not served with process. The court, holding that the service by publication was sufficient, said: "Section 1608 f of the Code (33 Stat. 734, c. 734) to which we must look to ascertain the requirements of a legal notice in this proceeding, provides that the court cause public notice to be given of such a proceeding by advertising, 'which notice shall warn all persons having any interest in the proceedings.' The section further provides that, in the discretion of the court, personal notice may be served upon such owners of the fee of the land to be condemned as may be found within the District. The notice given in this case warned all persons having any interest in the proceedings to appear upon a day certain. This notice was ample, and no exception can be taken by appellant to the obvious clerical error to which he has directed attention."

Counsel for appellant rely upon the case of Edwards v. Brownlow, 50 App. D. C. 331, 271 F. 797. This was a condemnation proceeding for the opening of a street, and the question there presented was whether section 491c of the District Code (D. C. Code 1929, T. 25, § 54) had been complied with, but under that statute, in addition to a general notice by publication on owners whose land was to be condemned, notice by personal service on owners to be found within the District was compulsory. The case therefore is not in point and cannot be regarded as controlling or even having an effective bearing upon this case.

The order is affirmed with costs.