HOWELLS *v.* REVIEW BOARD OF INDIANA EMPLOYMENT
SECURITY DIVISION ET AL.

[No. 18,254.  Filed December 13, 1951.]

*Paul P. Boyle,* of Terre Haute, for appellant.

*Gambill, Dudley & Cox,* of Terre Haute, for appellees.

ROYSE, J.—Appellant had been a coal miner for more than fifty-nine years; for some time prior to June, 1949 he worked in the mines of appellee Walter Bledsoe Coal Company (hereinafter referred to as Bledsoe). In the last mentioned month he was seventy-one years old and voluntarily retired and accepted a pension from the United Mine Workers Welfare fund. These pension payments were suspended in September, 1949 and were not resumed until June, 1950. While the pension payments were suspended he registered for work at the Local Public Employment office and filed a claim for benefits for the weeks beginning April 1, 1950 through May 27, 1950. During this period he talked with the mine foreman at Bledsoe who told him the insurance company would object to putting him back to work because of his age. The foreman told him if he did put him back it would have to be night work. Appellant refused night work. He could not accept work in the bank because of foot trouble—he could not stand on concrete floors.

Upon the foregoing facts the Review Board of the Indiana Employment Security Division made the following findings and conclusions:

> "The Review Board finds that the claimant in June, 1949, voluntarily retired from employment as a miner, which occupation he had followed all his life; that he filed a claim for unemployment compensation and claimed weeks ending April 1, 1950 through May 27, 1950 for benefit purposes.

> "The Review Board further finds that during the period he claimed benefits the claimant made a little or no personal effort to obtain employment; that he restricted himself to day work; and that he was physically unable to accept work which would require him to stand or walk on hard surfaces.

"The Review Board further finds that the claimant's unemployment was due to his voluntary retirement, which raises the presumption that he withdrew from labor market, and was thereafter uninterested in obtaining employment.

"The Review Board further finds during the period involved herein claimant was unwilling to accept night work; that he made very little effort to obtain employment within the restrictions caused by his physical condition and the hours which he was willing to work, that because of such conditions the claimant cannot, during the period involved herein, be considered as a bona fide member of the labor force and available for work.

"The Review Board therefore finds the claimant was unavailable for work and ineligible for benefits during weeks ending April 1, 1950 through May 27, 1950.

"DECISION:

"The Review Board holds that the claimant was unavailable for work and ineligible for his benefit rights during weeks ending April 1, 1950 through May 27, 1950.

"The Decision of the Referee is hereby affirmed."

Appellant here asserts the decision of the Board is contrary to law because he says "there is no direct evidence and no basis in the evidence for a reasonable inference to support the finding that appellant was either unable or unavailable for work.

The pertinent provision of the statute applicable to this case, §52-1538b, Burns' 1933 (1949 Supp.), is as follows:

"An unemployed individual shall be eligible to receive benefits with respect to any week only if: He is physically and mentally able to work and is available for work: . . . ."

The appellant had the burden of proving he was available, physically and mentally able for work. Unless the

evidence leads inescapably to the conclusion that he was available and able for work, as contemplated by the statute, we may not disturb the award of the Board. *Walton* v. *Wilhelm et al.* (1950), 120 Ind. App. 218, 223, 91 N. E. 2d 373, 375, and authorities there cited. Where there is a conflict in the evidence we may consider only that most favorable to the decision of the board. *White* v. *Review Board of Indiana Employment Security Division* (1944), 114 Ind. App. 383, 387, 52 N. E. 2d 500. This is true even though the conflict is in the testimony of appellant. *Welch* v. *Review Board of Employment Security Division of Indiana* (1944), 115 Ind. App. 230, 234, 58 N. E. 2d 363.

On the record herein it seems to us that the most that can be said for appellant's contention is, that there is such a conflict in the evidence that the minds of reasonable men might well differ as to whether appellant had sustained the burden which was upon him to establish his rights to the benefits provided by the Act. Under such circumstances we may not disturb the decision of the Board.

Affirmed.

NOTE.—Reported in 102 N. E. 2d 382.