122 Ind. App. 37 (1951)
102 N.E.2d 383
BENNETT
v.
REVIEW BOARD OF INDIANA EMPLOYMENT SECURITY DIVISION ET AL.
No. 18,255.
Court of Appeals of Indiana.
Filed December 14, 1951.
*38 Paul P. Boyle, of Terre Haute, for appellant.
Gambill, Dudley & Cox, of Terre Haute, for appellee.
*39 WILTROUT, P.J.
The Review Board rendered its decision that appellant was unavailable for work and consequently, was ineligible for benefit rights under the Indiana Employment Security Act.
The Board found that appellant is sixty-six years of age and was employed for many years as a coal miner. In July, 1949, he voluntarily retired from the coal industry to accept a pension from the Welfare Fund of the United Mine Workers of America. In September, 1949, his pension payment was suspended and was not resumed until June, 1950. During the period for which he claims benefits, he made no effort other than registering for work, which is a condition precedent to eligibility for benefits, to obtain employment, other than to ask his unemployed friends if they knew where he could find a job.
The Board concluded from these facts that appellant had made no personal effort to obtain employment and that this, coupled with the fact that he had voluntarily retired from the occupation which he had followed for many years, indicated that he was not a bona fide member of the labor force. It was decided that he was unavailable for work and therefore, ineligible for benefit rights during the period involved.
Appellant does not, as we understand his argument, question the facts as found by the Board, but insists that they lead to a different conclusion.
The provision of the Indiana Employment Security Act which is applicable here, and as it existed before its amendment in 1951, (Acts 1947, ch. 208, § 1403, p. 673) reads:
"An unemployed individual shall be eligible to receive benefits with respect to any week only if: He is physically and mentally able to work and is available for work; ..."
*40 The burden was upon appellant to prove more than merely the fact that he registered for work and reported. He also had the burden of proving that he was "available for work." Walton v. Wilhelm (1950), 120 Ind. App. 218, 91 N.E.2d 373. See also Howells v. Review Board, etc. (1951), 122 Ind. App. 14, 102 N.E.2d 382, handed down this week.
As stated in the above cited case: "We think availability involves an actual attachment to the labor force. A good faith offering of the claimant's services is a prerequisite to availability. Exposure to the labor market must be sincere and unequivocal. A professed willingness to work, accompanied by or following conduct wholly inconsistent therewith will not serve to establish availability."
The statute under which appellant made his claim, set up no hard and fast rule to determine availability, but it must be determined under the facts and circumstances of each case. Walton v. Wilhelm, supra.
We believe that under the facts and circumstances of this case, the facts found by the Board do not require a conclusion that appellant's exposure to the labor market was sincere and unequivocal.
The decision of the Review Board is affirmed.
NOTE.  Reported in 102 N.E.2d 383.