124 Ind. App. 269 (1954)
116 N.E.2d 648
YOUNGSTOWN SHEET AND TUBE COMPANY
v.
REVIEW BOARD OF THE INDIANA EMPLOYMENT SECURITY DIVISION, ETC. ET AL.
No. 18,398.
Court of Appeals of Indiana.
Filed January 15, 1954.
*270 Allen P. Twyman, of East Chicago, for appellant.
Edwin K. Steers, Attorney General, and William S. McMaster, Deputy Attorney General, for all appellees, except George Bon. Samuel Ruff, of East Chicago, and Jay E. Darlington, of Hammond, for appellee, George Bon.
KENDALL, P.J.
This is an appeal from a decision of the Review Board of the Indiana Employment Security Division under the provisions of § 52-1542(k), Burns' 1951 Replacement.
The appellee, George Bon, hereafter designated as claimant, had been an employee of appellant company for approximately thirty-four years and voluntarily retired on March 30, 1952, and accepted benefits of a pension plan existing in accordance with the bargaining agreement between appellant as employer and the bargaining agent of the claimant. On March 31, 1952, claimant made application for unemployment benefits. A hearing was had before the Claims Deputy who held that benefits were allowable for the reason that the claimant had not retired voluntarily. Appellant requested a hearing before the Appeals Referee who found that the claimant had retired voluntarily; that the leaving of his work was with good cause and further that the claimant was ineligible for unemployment benefits because he was unavailable for work and would remain so until he showed by affirmative action that he was still a part *271 of the active labor force and was available for work within the limits of his physical limitation. Employer requested appeal to the Full Board, which was granted, which rendered the following findings and conclusions, to-wit:
"`The Review Board finds that the claimant was employed by the employer involved herein from April, 1918 to March 30, 1952, on which date he voluntarily retired to accept a pension under a plan existing under and in accordance with the bargaining agreement existing between the employer and the claimant's bargaining agent.
"`The Review Board further finds that when a claimant voluntarily retires from his employment it is presumed, until the contrary is established, that such claimant intends to permanently leave the labor market.
"`The Review Board further finds that the claimant failed to appear at the Referee hearing to offer evidence as to his ability and availability for work.
"`The Review Board therefore finds that the claimant was unavailable for work and ineligible for his benefit rights on March 30, 1952 to May 8, 1952 the date of his hearing before the Referee.
"`The Review Board further finds that a claimant who voluntarily retires, in accordance with a retirement plan of his employer leaves work with good cause.
"`DECISION:
"`The Review Board holds that the claimant voluntarily retired from his employment with this employer on March 30, 1952; and that such voluntary leaving work was with good cause.
"`The Review Board further holds that the claimant was unavailable for work and ineligible for his benefit rights from March 30, 1952 to May 8, 1952 the period involved herein.'"
The sole question presented to this court by the filing of the claimant's application for unemployment *272 benefits is whether or not he was entitled to employment benefits in accordance with the Unemployment Security Act. The Review Board held in the negative and that he was not entitled to receive benefits. This constitutes a decision in favor of the appellant from which he cannot appeal. The appellant takes exception in his brief and in their argument to the portion of the Findings and Conclusions of the Review Board, as follows:
"`A claimant who voluntarily retires in accordance with a retirement plan of his employer leaves work with good cause.'"
In view of the question presented by claimant's application for unemployment benefits, the portion of the Findings and Conclusions complained of by the appellant constitutes mere surplusage, and is not germane to the issue involved by the filing of the claimant's application.
Without contradiction a party cannot appeal from a judgment after he has received money thereon. Likewise, where a decision is rendered by a Review Board which relieves the employer from disbursing funds for unemployment benefits under the Unemployment Security Act, such employer is in no position to appeal therefrom on account of no adverse decision being rendered against him.
Appeals from decisions of the Review Board are taken under the same terms and conditions as governed appeals in ordinary civil cases. We believe that the statutory provisions relative to appeals is declaratory of a common-law rule that a party cannot accept the benefits of a judgment and at the same time claim that it was erroneous, which is the position the appellant takes in this case by alleging in *273 their assignment of errors that the decision is contrary to law. Sec. 2128, Flanagan, Wiltrout and Hamilton's, Trial and Appellate Practice.
For these reasons, judgment affirmed.
Achor, J., not participating.
Kelley, J., not participating.
NOTE.  Reported in 116 N.E.2d 648.