**William E. FORSTER, Appellant**
**(Claimant Below),**

v.

**REVIEW BOARD OF the INDIANA EMPLOYMENT SECURITY DIVISION, William H. Skinner, David L. Adams and Paul M. Hutson, as members of and as constituting the Review Board of the Indiana Employment Security Division, and United States Steel Corporation, Appellees.**

No. 2–880A264.

Court of Appeals of Indiana,
Fourth District.

May 26, 1981.

Milan D. Tesanovich, Portage, for appellant (claimant below).

Linley E. Pearson, Atty. Gen., Carmen L. Quintana, Deputy Atty. Gen., Indianapolis, for appellees.

YOUNG, Presiding Judge.

Claimant William E. Forster appeals from the decision of the Review Board of the Indiana Employment Security Division which denied his unemployment compensation claim because it found his discharge from U.S. Steel to be for just cause under Ind.Code 22–4–15–1. Three issues are presented for review: [1]

1) Whether the Review Board had jurisdiction to review the decision of the referee;

2) Whether certain alleged inaccuracies in the Review Board's factual statement are grounds for reversal;

3) Whether the findings and conclusions of the Review Board are supported by substantial evidence or are contrary to law.

We reverse.

Forster was employed by U.S. Steel from March 26, 1971 until his discharge on January 24, 1979. On December 13, 1978, he called his employer to report that he was ill and was taking sick leave. Forster than made several appointments to see his physician, all of which were cancelled by the doctor until his appointment on January 20, 1979. On January 15, 1979 Forster received a letter from U.S. Steel instructing him to "substantiate" his reason for absence with his foreman by January 18, 1979 or he would be subject to suspension preliminary to possible discharge. According to U.S. Steel, Forster's mother called them on January 19, 1979 to inform them that her son had not been released by his doctor to return to work.

On January 19, 1979 U.S. Steel suspended Forster through January 23, 1979 and in-

1. Forster also raised a fourth issue of whether the Board failed to apply the statutory definitions of "just cause" and "misconduct." We address this issue in our discussion of the issue alleging the decision to be contrary to law.

structed him to report to his superintendent on January 23, 1979. On January 24, 1979 a letter was sent to Forster advising him that his suspension had been converted into a discharge. Both the notice of suspension and the notice of discharge were received by Forster on January 29, 1979, the day on which he filed a sickness and accident claim form with his employer.

Forster applied for unemployment compensation and the claims deputy determined that his discharge was for just cause. After a hearing, the appeals referee awarded unemployment compensation benefits to him. U.S. Steel then appealed this decision. In reversing the referee, the Review Board made the following findings of fact and conclusions of law:

"FINDINGS AND CONCLUSIONS: The Review Board finds that claimant was employed from March 26, 1971, to January 24, 1979, and was discharged for absenteeism from the period of December 13, 1978, to date of discharge.

"It further finds that claimant did in fact receive employer's letter dated January 9, 1979, three days prior to January 18, 1979, the date he was to have substantiated his absences with a medical statement, but failed to do so as instructed.

"It further finds that claimant failed to obey the instruction of his employer by failure to respond to the letter prior to January 18, 1979.

"It further finds that the evidence is insufficient to support claimant's allegation that he was on sick leave during his period of absence.

"The Review Board concludes that claimant has failed to show good cause for his absences in that the evidence indicates that he was not on an approved leave of absence, that he failed to substantiate his reason for his absence to employer by January 18, 1979, and that the medical statement submitted at the referee hearing only indicates appointment dates of treatment, but does not indicate that claimant was ever advised by his physician to remain off work, therefore, claimant was discharged for just cause in con-

nection with work within the meaning of Chapter 15–1 of the Act."

Forster contends that the Review Board lacked jurisdiction to decide the appeal in that U.S. Steel failed to comply with Regulation 1007 by not setting forth the alleged errors in the referee's decision in the blank provided for errors on Form 651. Regulation 1007 provides:

"[W]ithin fifteen [15] days after the date of notification or mailing of the decision of the referee, either party may appeal to the review board. Such appeal shall be filed at the claims-holding local office or administrative office, on Form 651, 'Request for Appeal to Review Board.' When accepted by board, or its authorized representative, the receipt of any document that indicates on its face a desire to appeal and contains the information requested by the above-mentioned Form 651 shall be treated as being in compliance with this regulation."

Ind.Admin. Rules & Regs. 22–4–17–6–3 (Burns Code Ed., Supp.1977).

Forster correctly notes that the rules and regulations of the Review Board have the force and effect of law, and that the Review Board's failure to follow them renders their decision contrary to law. *Cornell v. Review Board of Indiana Employment Security Division* (1979) Ind.App., 383 N.E.2d 1102. However, we cannot accept his argument that U.S. Steel did not comply with the regulation thereby removing the Board's jurisdiction to hear the appeal. In this case, the appeal was timely filed on the proper form. It indicated on its face U.S. Steel's desire to appeal and contained the essential information requested to properly inform the Board of the appeal. The manner in which U.S. Steel completed this item is not sufficient to remove jurisdiction because the scope of review by the Review Board is not limited when an appeal is taken from a referee's decision. Upon a request for an appeal, the entire claim is removed to the Board and the Board is not limited to a determination of the findings of facts or to the issue presented and determined by the appeals referee. *Hacker v.*

Review Board of the Indiana Employment Security Division (1971), 149 Ind.App. 223, 271 N.E.2d 191; *Ogilvie v. Review Board of Indiana Employment Security Division* (1962), 133 Ind.App. 664, 184 N.E.2d 817. The only issue in dispute in the present case was whether Forster was discharged for just cause. This point was specifically set forth in another area of the form. Therefore, we find that U.S. Steel sufficiently completed the form to confer jurisdiction on the Board.

■ Forster next claims reversible error because of three inaccuracies in the "Statement of Facts." These inaccurate statements and errors are that: 1) claimant filed a claim for benefits on January 24, 1979 rather than on May 19, 1979; 2) failure of the claimant to contact his employer would "lead" to suspension or discharge rather than that claimant "would be subject to suspension preliminary to possible discharge; and 3) claimant's "grandmother," rather than his "mother," contacted the employer on January 19, 1979. We see no connection between these misstated facts and the Board's conclusion that Forster failed to substantiate his reason for his absences or that he was not on approved sick leave. The statements were surplusage and not germane to the issues involved. *See e. g., Youngstown Sheet & Tube Co. v. Review Board of Indiana Employment Security Division* (1954) 124 Ind.App. 269, 116 N.E.2d 648. Thus, while the claimant protests these inaccurate statements, he has failed to show how the corrected statements would affect the result in the Board's decision. Therefore, this contention is not cause for reversal.

Forster also alleges that the Review Board decision is both contrary to law and unsupported by the evidence. Such an assertion raises both the sufficiency of the facts to sustain the decision and the sufficiency of the evidence to sustain the findings of fact. Ind.Code 22–4–17–12. Under this two-tier standard of review, the Review Board's "finding of ultimate fact" is the conclusion, and the "findings of basic facts" are the premises from which the

Review Board deduced its conclusion. *Graham v. Review Board of Indiana Employment Security Division* (1979) Ind.App., 389 N.E.2d 699.

"At the first level of review, we examine only the relationship between the premises and the conclusion and ask if the Board's deduction is 'reasonable.' (Cites omitted.) The inquiry at this first level of review may be termed a 'question of law.' (Cites omitted.)

"At the second level of review, we inquire into the nexus between the premises or findings of basic facts and the evidence presented to determine if the evidence justified those findings."

*Graham, supra,* (quoting *Gold Bond Bldg. Prod. Div., etc., v. Review Bd., Ind.,* (1976), Ind.App., 349 N.E.2d 258, at 263).

First, we must determine if the findings of fact are sufficient in law to support the ultimate finding that Forster was discharged for just cause. Forster claims that the findings are based upon incompetent and insufficient evidence and that the Board ignored competent evidence. Forster has confused the contention that the findings of fact do not sustain the decision with an asserted failure of the evidence to support these findings as the claimant also did in *Graham, supra.*

IC 22–4–15–1 provides that an employee discharged for just cause is ineligible for benefits. Forster contends that the Board did not apply the statutory definitions of "just cause" and "misconduct," and that U.S. Steel did not prove that he had acted in a manner which represented a "wanton or willful disregard" for his employer's interest. The Employment Security Act no longer speaks in these terms, but rather it imposes a penalty upon an employee who has been discharged for "just cause." *Tauteris v. Review Board of Indiana Employment Security Division* (1980), Ind.App., 409 N.E.2d 1192.

■ Among the grounds for "discharge for just cause," as set forth in IC 22–4–15–1 is "unsatisfactory attendance" if the indi-

vidual cannot show good cause.[2] Because failing to show good cause for absences is a statutory ground for discharge, the Board correctly applied the questioned definitions. Therefore, the findings that Forster failed to substantiate his absences and support his allegation that he was on sick leave during his period of absence are sufficient as a matter of law for the Review Board to deduce that Forster was discharged for just cause. *See e. g., Graham, supra; Williams v. Review Board of Indiana Employment Security Division* (1980) Ind.App., 413 N.E.2d 338.

■ The second step in the inquiry is whether the findings of fact were supported by sufficient evidence. Generally, the Review Board's decision as to all questions of fact is conclusive. *Graham, supra.* In reviewing the evidence to support the Review Board's decision, evidence will not be weighed and only that evidence most favorable to the judgment and reasonable inferences therefrom will be considered. *Ervin v. Review Board of Indiana Employment Security Division* (1977), 173 Ind.App. 592, 364 N.E.2d 1189. We must accept the facts as found by the Review Board unless they fall within one of the exceptions for which this court may reverse. The exceptions are set out in *Williamson Co. v. Review Board of Indiana Employment Security Division* (1969), 145 Ind.App. 266, 250 N.E.2d 612. While Forster sets out all of the exceptions, he specifically relies on the following:

(1) The evidence on which the Review Board based its conclusion was devoid of probative value;

(2) The quantum of legitimate evidence was so proportionately meager as to lead to the conviction that the finding does not rest upon a rational basis;

(3) The Review Board ignored competent evidence;

(4) Reasonable men would be bound to reach the opposite conclusion from the evidence in the record.

■ The initial burden of proving that the employee was discharged for just cause is on the employer. *Tauteris, supra.* The burden then shifts to the employee to introduce competent evidence to rebut the case made by the employer. *Id.* (citing *Graham, supra; Williamson, supra.*) Through the testimony of the U.S. Steel representative, as well as the testimony of Forster, U.S. Steel established that Forster was absent for over a month and that he was directed to contact his employer to substantiate his reason for absence by January 18, 1979. Thus, the burden shifted to Forster to show that his absences were for good cause.

■ The employer's representative, however, testified on the basis of Forster's personnel file; therefore, Forster claims that it is devoid of probative value as hearsay and cannot be the sole basis of the Review Board's decision. Hearsay may not be the sole basis of a decision if properly objected to at the hearing and preserved on review and not falling within a recognized exception. However, the hearsay (incompetent evidence) may form the basis for a decision if there is no objection to it. *See e. g., C.T.S. Corp. v. Schoulton* (1978) Ind., 383 N.E.2d 293. Thus, Forster's failure to object to the admission of this evidence is fatal to his contention that this evidence is insufficient or of no probative value.

Because the court could consider the hearsay evidence, we must consider it and the other evidence to determine whether there was sufficient evidence to support the findings. The Board had before it evidence of a long period of absence by Forster and the letter requiring Forster to substantiate his absences. It had testimony that Forster failed to timely respond to the letter instructing him to substantiate and that failure to so respond could lead to suspension and possible discharge. Therefore, suffi-

---

**2.** IC 22–4–15–1 also sets forth "refusing to obey instructions" as a ground for just cause. However, this statutory ground does not appear to be the basis of the Board's conclusion. Furthermore, there is no finding that Forster refused to obey an instruction which would support a conclusion of just cause upon this ground. Neither do we find evidence from which such a finding could be upheld.

cient evidence existed to support the finding that he was discharged for absenteeism.

However, we must now determine if there was sufficient evidence to support the findings used in concluding that Forster failed to show good cause for this absenteeism. The finding that a medical statement was required to substantiate his absence is not supported by the evidence. The letter did not require a specific type of substantiation, nor did the U.S. Steel representative testify that a medical statement was the normal procedure required to substantiate absences in this circumstance. He testified that the letter was sent to "verify his whereabouts and we told him to contact his supervisor." While it would be reasonable for an employer to require substantiation by medical statement, there is no evidence from which it can be reasonably inferred that such a statement was actually required in this case. Consequently, this finding was not supported by sufficient evidence.

Also, the finding that "the evidence is insufficient to support claimant's allegation that he was on sick leave during this period of absence" is not sufficiently specific for review. *See e. g., Kuntz v. Review Board of Indiana Employment Security Division* (1979) Ind.App., 389 N.E.2d 342. We cannot determine from this finding whether the Board considered the physician's statement on the Sick Form or the statement of disability on the insurance letter and then chose to disbelieve it or whether they failed to consider this evidence at all. Nor can we tell from this finding whether it was based on claimant's failure to follow a prescribed procedure to gain sick leave status or whether it was based on lack of medical evidence in the record to demonstrate that he was ill during this period. If the Board did consider the above evidence and then determined that it did not establish that Forster was ill during his absence, then Forster failed to carry his burden to show that his absences were for good cause. However, we find nothing in the record to show that he failed to follow a prescribed procedure in gaining sick leave status.

For the above reasons, we reverse and remand for further proceedings not inconsistent with this opinion.

CHIPMAN and MILLER, JJ., concur.