**Marcella M. FREY, Appellant
(Claimant below),**

v.

**REVIEW BOARD OF the INDIANA EMPLOYMENT SECURITY DIVISION, William H. Skinner, David L. Adams and Paul M. Hutson, as Members of and as constituting the Review Board of the Indiana Employment Security Division, and Switches, Inc., Appellees (Respondents).**

No. 2–982A335.

Court of Appeals of Indiana, Second District.

March 31, 1983.

1. In their entirety the referee's findings and conclusions read as follows:

Kelly Leeman & Associates by Patrick A. Schuster, Logansport, for appellant.

Linley E. Pearson, Atty. Gen., Gordon R. Medlicott, Deputy Atty. Gen., Indianapolis, for appellees.

SHIELDS, Judge.

Marcella Frey (Frey) appeals the decision of the Review Board of the Indiana Employment Security Division (Review Board) affirming the appeal referee's determination she was not available for employment as required by I.C. 22–4–14–3 (Burns Code Ed., Supp.1982) and was therefore ineligible to receive unemployment benefits. Frey contends the Board's determination she was unavailable for work two days a week and its decision totally suspending her benefits were contrary to law.

Frey was laid off her employment with Switches, Inc., of Logansport, Indiana in December 1981. In early January 1982 she enrolled in and began attending a statistics class at Indiana University Kokomo in furtherance of her master's degree. The class met Tuesdays and Thursdays from 2:30 to 3:45 P.M. and necessitated a total travel time of approximately one hour each day. The unemployment benefits Frey had been receiving were suspended as of the week ending January 30, 1982 because her class attendance was deemed by the deputy claims officer to restrict her availability for work because it interfered with the normal operation of a first or second shift factory job. The appeals referee upheld the eligibility determination concluding, in pertinent part:

"The evidence is unrefuted that the claimant was able to work and was making a reasonable effort to secure employment. Because of the class that the claimant was taking, which was during normal working hours, the claimant *must* be considered to have placed a restriction on her availability for employment." [1]  R. at 21 (emphasis added).

"FINDINGS OF FACT: The claimant reopened her claim for benefits after being laid off by her employer on December 10, 1981.

The review board, after reviewing the appeals hearing transcript, issued a decision without a hearing affirming the referee's decision and adopting his findings and conclusions.

We remand for further proceedings not inconsistent with this opinion.

I.C. 22–4–14–3 provides an unemployed individual shall be eligible to receive benefits with respect to any week only if he, among other requirements, is "available for work." One who is otherwise eligible, but not available for work during any normal work day of the week, is nevertheless entitled to receive benefits for that week reduced by the following formula: one-third for each day of unavailability.[2] According to the formula, a person unavailable three or more days of the normal work week is not entitled to any benefits. Ind.Admin. Rules & Regs. (22–4–12–4)–2 (Burns Code Ed.1976). "Unavailability" is not defined, but I.C. 22–4–14–3 lists several instances in

which unavailability shall be deemed to exist, none of which are relevant to Frey's situation.[3] In addition, the statute provides that one "in training with the approval of the board" shall not be considered unavailable for employment. I.C. 22–4–14–3.

Frey's situation, attendance of college classes, although not specifically considered by the current statute, was included in the prior law, I.C. 22–4–14–3 (Burns Code Ed. 1974 [repealed 1976, P.L. 114 § 4, effective July 4, 1976]), as one of the specific instances of unavailability. With certain exceptions, an individual was unavailable for work if "attending a regularly established school, college, university, hospital, or training school (excluding, however, any night school or part time training course)" or "in any vacation period intervening between regular school terms, during which he is a student...." I.C. 22–4–14–3(a) (repealed).[4]

Since being laid off from her employer, the claimant testified that she has no physical or mental restrictions on her ability to work. The claimant further testified that she has been looking for work by contacting one to two employers per week. In January, the claimant enrolled in a course at Indiana University, Kokomo Extension. The class meets on Tuesday and Thursday between 2:30 and 3:45 p.m.

"CONCLUSIONS OF LAW: Under Chapter 14–3 of the Act, an individual is ineligible for benefits in any week in which she is not able, available, and making an effort to secure employment. It is necessary that all three requirements be satisfied before a claimant will be eligible for benefits in any week. The evidence is unrefuted that the claimant was able to work and was making a reasonable effort to secure employment. Because of the class that the claimant was taking, which was during normal working hours, the claimant must be considered to have placed a restriction on her availability for employment. In light of these findings and conclusions, it is held that the claimant is not available for employment."

2. The statute provides:
"An unemployed individual shall be eligible to receive benefits with respect to any week only if he is physically and mentally able to work, is available for work and is found by the division to be making an effort to secure work. The term 'effort to secure work' shall be defined by the board through rule or regulation which shall take into consideration

whether such individual has a reasonable assurance of reemployment and, if so, the length of the prospective period of unemployment. However, if an otherwise eligible individual is unable to work or unavailable for work on any normal work day of the week he shall be eligible to receive benefits with respect to such week reduced by one-third [⅓] of his weekly benefit amount for each day of such inability to work or unavailability for work."

3. The statute provides unavailability exists where it is found:
"(a) That such individual is engaged by any unit, agency, or instrumentality of the United States of America, in charge of public works or assistance through public employment; or any unit, agency or instrumentality of this state, or any political subdivision thereof, in charge of any public works or assistance through public employment; or
"(b) That such individual is in full-time active military service of the United States of America, or is enrolled in civilian service as a conscientious objector to military service; or
"(c) That such individual is suspended for misconduct in connection with his work."

4. In regard to school attendance, I.C. 22–4–14–3 (repealed) provided:
"An unemployed individual shall be eligible to receive benefits with respect to any work week only if he is physically and mentally able to work, is available for work and is found by the division to be making an effort to secure

■ The statutory provision by which college attendance, subject to certain exceptions, made one "unavailable" for work was deleted in 1976. When a statute on a subject contains certain language which is later deleted, statutory construction indulges in the presumption the legislature was cognizant of the presence and meaning of the language and intended by its deletion to change the law. *Pierce Governor Co. v. Review Board,* (1981) Ind.App., 426 N.E.2d 700, 703 (*Pierce I*). The mere fact of attendance at college classes is no longer, as a matter of law, sufficient to classify an unemployed person as unavailable for work. To the extent the decision of the Review Board, evidenced by the conclusion, "Because of the class that the claimant was taking, which was during normal working hours, the claimant must be considered to have placed a restriction on her availability for employment," was based on Frey's college class attendance creating *per se* unavailability, the decision is in error.[5]

■ Whether attendance of college or other classes renders an individual unavailable for employment under I.C. 22–4–14–3 is a question of fact to be determined by the Board in each case based on all the relevant circumstances. *See generally Warner Press, Inc. v. Review Board,* (1980) Ind. App., 413 N.E.2d 1003; *Puckett v. Review Board,* (1980) Ind.App., 413 N.E.2d 295; *Bennett v. Review Board,* (1952) 122 Ind. App. 37, 102 N.E.2d 383.

■ Frey's contention the Board's decision was contrary to law and not sustained by the evidence raises both the sufficiency of the facts to sustain the decision and the sufficiency of the evidence to sustain the findings of fact. I.C. 22–4–17–2 (Burns Code Ed.1974). Under this two-tier standard of review, the Review Board's "finding of ultimate fact" is the conclusion, and the "findings of basic facts" are the premises from which the Review Board deduced its conclusion. *Graham v. Review Board,* (1979) Ind.App., 386 N.E.2d 699.

work: ... For the purpose of this article [22–4–1–1—22–4–38–3], unavailability for work of an individual shall be deemed to exist but shall not be limited to, any case in which, with respect to any week, it is found:

(a) That such individual is attending a regularly established school, college, university, hospital, or training school (excluding, however, any night school or part time training course) or is in any vacation period intervening between regular school terms, during which he is a student of any such regularly established school, college, university, hospital, or training school: Provided, however, That the provisions herein shall not apply during his benefit period to any individual who, subsequent to his enrolment in and while attending a regularly established school, has been regularly full time employed and thereafter being unemployed shall maintain residence in the labor market area of such prior employment, shall be making an effort to secure work and shall make himself available for suitable employment by his or her most recent employer or for any other suitable employment to which he is directed, pursuant to the provisions of this act [22–4–1–1—22–4–38–3]. For the purpose of this section, "regular school term" means the date on which the fall term officially commences and thereafter for the nine [9] months immediately following and "enrolment" means the day on which the school term officially begins or the day on which the individual personally enrolls, whichever is

the later: Provided, further, That this shall not mean that an individual is available for work while he is attending a training course sponsored, held, or conducted by an employing unit for training workers for positions in its own plant or establishment: Provided, further, That when an individual is found by the division to have received any sums as benefits under this article for which such individual is not eligible under this subsection by reason of having resumed the status of a student at the end of a vacation period, then such individual shall be liable to repay to the board for the employment security fund a sum equal to the amount so received by him, in a manner provided in IC 1971, 22–4–13–1 of this article."

5. Under the previous statutory scheme, "any night school or part time training course" was excepted from what may be termed *per se* unavailability. I.C. 22–4–14–3(a) (repealed). Therefore, we raise the question whether, even under the predecessor statute, Frey's part time college attendance during the day would have mandated as a matter of law her classification as unavailable for work. Nevertheless, we note that the classification of day school students as unavailable for employment while their night school counterparts are not so classified has been held reasonable and therefore constitutionally permissible. *Idaho Dept. of Employment v. Smith,* (1977) 434 U.S. 100, 98 S.Ct. 327, 54 L.Ed.2d 324.

"At the first level of review, we examine only the relationship between the premises and the conclusion and ask if the Board's deduction is 'reasonable.' (Citations omitted.) The inquiry at this first level of review may be termed a 'question of law.' (Citations omitted.) "At the second level of review, we inquire into the nexus between the premises or findings of basic facts and the evidence presented to determine if the evidence justified those findings."

*Id.* at 701, (*quoting Gold Bond Building Products Division v. Review Board,* (1976) 169 Ind.App. 478, 349 N.E.2d 258, 263).

However, our performance at either level of review is necessarily dependent upon the presence of specific findings of fact in the Review Board's decision. Specific findings of fact are essential to an effective system of administrative law. *Perez v. United States Steel Corp.,* (1981) Ind., 426 N.E.2d 29 (*Perez III*).

"The practical reasons for requiring administrative findings are so powerful that the requirement has been imposed with remarkable uniformity by virtually all federal and state courts, irrespective of a statutory requirement. The reasons have to do with facilitating judicial review, avoiding judicial usurpation of administrative functions, assuring more careful administrative consideration, helping parties plan their cases for rehearings and judicial review, and keeping agencies within their jurisdiction."

*Id.* at 31 (*quoting* Davis, 2 *Administrative Law Treatise* § 16.05 p. 444 (1958)).

Viewed from the appealing party's perspective, specific findings are necessary because the party is entitled to be shown, through the findings, that the board considered all the relevant facts. When an award by the board is negative, the board's findings of fact should exclude every possibility of recovery within the issues raised. *Wolfe v. Review Board,* (1978) 176 Ind.App. 287, 375 N.E.2d 652. The appealing party is entitled to know why he lost, *i.e.,* by virtue of which factual grounds the board decided against him. *Perez III,* 426 N.E.2d at 32, n. 1; *Wolfe,* 375 N.E.2d at 656.

The Board's decision of ineligibility was based solely on the class Frey was taking during normal working hours. However, the taking of a class is not a *per se* disqualification. Therefore, the ultimate finding of disqualification must be based upon additional findings, supported by the evidence or lack thereof, indicating why the class impairs Frey's availability for work. These additional findings are necessitated by the existence of evidence, some of which is disputed, of Frey's efforts to obtain employment not conflicting with her class (restaurants, hospitals, and factories which employ persons for different shifts) or to obtain employment with an employer who might agree to allow her the flexibility necessary to attend her class (her former employer.) Further, and most significantly, although she expressed no eagerness to drop out in the middle of the semester, Frey did indicate she would quit her college class "if it is a necessity" to become employed. Record at 21.

The Board's findings and conclusion as adopted from the referee give no indication what consideration, if any, was given to these factual issues concerning availability as raised by Frey or how the board resolved the disputed facts. As an appellate tribunal, we acknowledge the binding nature of the review board's determination of issues of fact. *York v. Review Board,* (1981) Ind. App., 425 N.E.2d 707. However, our cases have repeatedly reminded the board that the duty to find the facts must rest on its shoulders rather than ours. *Perez III,* 426 N.E.2d 29. Indeed, we would "usurp its authority if we find by presumption the facts it fails to find expressly." *Wolfe,* 375 N.E.2d at 655 (quoting *Transport Motor Express, Inc. v. Smith,* (1972) Ind.App., 289 N.E.2d 737, 745, *vacated on other grounds,* (1974) 262 Ind. 41, 311 N.E.2d 424).

Therefore, we remand Frey's case to the Review Board for more specific findings of the basic facts regarding Frey's availability for employment, in particular on such issues as her "normal working hours," on what basis those hours are determined, the effect

of flexibility, if any is indicated, of her former employer, and the effect of her willingness to terminate her class if necessary.

■ Before remanding, we address a second facet of the issue of law raised by Frey: whether the board erred in not following the terms of I.C. 22–4–14–3 regarding partial unemployment compensation for persons unavailable for work two or less days per week. The state contends, without benefit of citation, Frey waived this issue of law by her failure to explicitly raise it during the administrative proceedings. We do not agree.

■ The record shows that in the form requesting the referee hearing Frey described the subject in contention as her compliance with the statutory requirement she be able, available, and seeking employment. In her subsequent request for appeal to the review board, she asserted the referee's decision on the able, available, and seeking employment requirement was error because it was both unsupported by the evidence and contrary to law. Bearing in mind the review board is not, on appeal, bound by the precise scope of the referee's findings or the issues as delineated below, *Forster v. Review Board,* (1981) Ind.App., 420 N.E.2d 1287, we deem Frey's assertion the decision was error because it was contrary to law to have preserved the issue of the partial benefits so plainly provided for within I.C. 22–4–14–3 in the event of unavailability. Application of I.C. 22–4–14–3 providing for partial benefits to one who is properly determined by the review board to be unavailable for employment is a matter of law, not a question of fact. Therefore, our cases concerning waiver of factual issues not presented in the administrative proceedings are inapposite. *Compare, Barnett v. Review Board,* (1981) Ind.App., 419 N.E.2d 249 *with Tokheim Corp. v. Review Board,* (1982) Ind.App., 440 N.E.2d 1141 (issue involving drawing of legal conclusion

not waived by failure to explicitly present below).

The issue of partial benefits, of course, arises only after the Review Board has properly determined the unemployed person to be unavailable for employment under I.C. 22–4–14–3. Therefore, in the natural order of events, our review of the merits of the partial benefit issue is premature because our review of the Board's factual determination of Frey's unavailability has been thwarted by the lack of proper findings.[6]

Cause remanded for further proceedings not inconsistent with this opinion.

BUCHANAN, C.J., and SULLIVAN, J., concur.

---

**6.** The timing of Frey's college class, two afternoons per week, is undisputed. Assuming, but not deciding, her class attendance caused her to be unavailable for employment two days per week, the Review Board erred in not complying with the dictates of the statute and awarding her weekly unemployment compensation reduced by one-third for each day of the week she was unavailable. I.C. 22–4–14–3.