Mark P. **STUDEBAKER**, Appellant (Defendant Below),

v.

**REVIEW BOARD OF the INDIANA EMPLOYMENT SECURITY DIVISION and, None Involved, Appellee (Plaintiff Below).**

No. 2–1283A450.

Court of Appeals of Indiana, First District.

June 20, 1984.

Montague M. Oliver, Jr., Dennis K. Frick, East Central Legal Services, Anderson, for appellant.

Linley E. Pearson, Atty. Gen., Gordon R. Medlicott, Deputy Atty. Gen., Indianapolis, for appellee.

ROBERTSON, Judge.

The claimant-appellant Mark P. Studebaker is appealing from the denial of unemployment compensation benefits asserting that the denial is contrary to law.

Studebaker was employed by Marsh Warehouse as a night security guard. While so employed, Studebaker attended Ball State on a full-time basis. At the end of the school year, Studebaker took a day job as a selector in the same warehouse. On September 6, 1983, Studebaker was laid off from that job whereupon he enrolled at Ball State and carried twelve credit hours with morning classes Monday through Friday. He was not able to return to his security guard job. The record also shows that Studebaker was seeking other employment, has transportation for work, and, is willing to enroll in night classes to adjust his schedule for normal daytime working hours.

The Referee found that Studebaker was not actively seeking work because he was a full-time student. The Review Board upheld the decision with this appeal resulting.

It is Studebaker's contention that IND. CODE 22–4–14–3(b)(4) provides an exception which is applicable to his situation. The pertinent parts of that statute read:

(b) For the purpose of this article, unavailability for work of an individual exists in, but is not limited to, any case in which, with respect to any week, it is found:

\* \* \* \* \* \*

(4) that such individual is in attendance at a regularly established public or private school during the customary hours of his occupation or is in any vacation period intervening between regular school terms during which he is a student. *However, this subdivision does not apply to any individual who is attending a regularly established school, has been regularly employed and upon becoming unemployed makes an effort to secure full-time work and holds himself available for suitable full-time work with his last employer, or holds himself available for any other full-time employment deemed suitable.* (Studebaker's emphasis.)

Studebaker argues that the uncontradicted evidence shows that he is attending a regularly established school; that he has been regularly employed; and, upon becoming unemployed made efforts to secure full-time work with his last employer or holds himself available for any other full-time employment deemed suitable. As a result, it is contended, he fits within the language of the foregoing quoted statute.

It is the Review Board's contention that the statute does not apply to one who, after becoming unemployed, enrolls full-time in college and then seeks employment. The availability of the student to work must be at the time of applying for benefits.

The question seems to be one of first impression involving IND.CODE 22–4–14–3(b)(4).

■ It appears that the Board of Review's position relies upon the sequence of events, *i.e.,* Studebaker being laid off and then enrolling in school. However, our reading of the facts shows that he had been a full-time student for the previous school year who was also employed by Marsh Warehouse, first as a security

guard, then a selector. He was laid off but continued his full-time studies, with the difference being that he was now a day student instead of a night student. We are of the opinion that this difference, standing alone, does not remove Studebaker from the statutory provisions of I.C. 22–4–14–3(b)(4) and that the evidence supports, as a matter of law, the requirements of the statute.

Such a decision is bolstered in other respects. First, the Employment Security Act should be liberally construed in favor of the employee. *Bowen v. Review Bd. of Ind. Emp. Sec. Div.*, (1977) 173 Ind.App. 166, 362 N.E.2d 1178. Also, the mere facts of attendance at college classes is no longer, as a matter of law, sufficient to classify an unemployed person as unavailable for work. *Frey v. Review Bd. of Ind. Emp. Sec. Div.*, (1983) Ind.App., 446 N.E.2d 1341.

Reversed and remanded.

NEAL, P.J., and RATLIFF, J., concur.