## NORTH LARAMIE LAND COMPANY *v.* HOFFMAN ET AL.

### ERROR TO THE SUPREME COURT OF THE STATE OF WYOMING.

No. 323. Argued April 14, 1925.—Decided May 11, 1925.

1. Upon review of a judgment of a state court involving the constitutionality of a state statute, the interpretation of the statute adopted by the state court is binding on this court. P. 282.

2. The Wyoming Road Law (Comp. Stat. 1910, as amended, § 2524,) limits the time within which a land owner may file objections

to the establishment of a road and claim for damages to thirty days after the Board of County Commissioners determines to establish it. *Held*, reasonable, and consistent with the due process clause of the Fourteenth Amendment. P. 282.

3. The necessity and expediency of taking private property for a public road are legislative questions, to a decision of which a hearing of the land owner is not essential under the Fourteenth Amendment. P. 284.

4. The Wyoming Road Law, *supra*, provides that notice of proposed establishment of a road by the Board of County Commissioners shall be published for three successive weeks in three successive issues of some official paper published in the county; that there shall be an appraisal, when claims for damages are filed; and that any applicant for damages may, within thirty days after the final decision of the board establishing the road and fixing the damages, appeal to the District Court of the County, which has jurisdiction to determine the amount of damages in the same manner as in a court action. Under Comp. Stats. Wyo. §§ 1413, 1424, the meetings of the board are public and all their proceedings must be promptly published in a newspaper of the county—*Held* that this procedure affords due process to the land owner on the matter of damages, since the hearing in the District Court makes unnecessary a hearing before the board or the appraisers, and, through the publication of the board's action, the land owner is duly notified of the date from which his time for appeal begins to run. P. 285.

30 Wyo. 238, affirmed.

The plaintiff in error, which was plaintiff below, brought action in the District Court of Platt County, Wyoming, against the Board of County Commissioners of that county, asserting the illegality of the establishment of a certain road running through and appropriating for that purpose part of plaintiff's land. The petition prayed that the defendants "be perpetually restrained from taking any further proceedings or doing acts with respect to locating said proposed road." The defendants appeared and answered and after hearing upon the issues of law and fact, judgment of the District Court was entered denying relief to the plaintiff. Plaintiff thereupon removed the cause by petition in error to the Su-

preme Court of the State of Wyoming, which affirmed the decree of the lower court. 30 Wyoming 238.

The case comes here upon assignments of error calling in question both the constitutionality of the public road law of the State of Wyoming and the proceedings had under it resulting in opening the road across the plaintiff's land, on the ground that such statutes and procedure amounted to a denial of due process of law and a taking of property without due process of law in contravention of the Fourteenth Amendment of the Federal Constitution. The particular grounds of attack are that the notice of the proceedings was not sufficient to meet the requirements of the constitutional provision; that there was, under the provisions of the statute, a denial of an opportunity to Plaintiff in Error to be heard and that the entire proceedings were void for want of the sufficient statutory petition for initiating them.

The applicable statutory provisions, so far as material to the present inquiry, may be summarily stated as follows:

The Statute of the State of Wyoming, known as the "Road Act," Wyoming Compiled Statutes of 1910 as amended by Laws of 1913, Chapter 73, prescribes the following procedure for the location and establishment of public roads:

(a) A petition for the establishment of a road signed by ten or more electors of the County residing within fifteen miles of the proposed road, may be filed in the office of the County Clerk (Section 2516).

(b) Upon the filing of the petition, the Board of County Commissioners, or its chairman, is required to appoint a disinterested elector, who may be a member of the Board, as a viewer to determine whether the proposed road is required (Section 2518).

(c) The viewer is required to report whether the proposed road is practicable and ought to be established, stat-

ing probable cost and such other matters as shall enable the Board to act understandingly (Section 2518).

(d) If the Board shall determine to establish the road, it is required to appoint a day, not less than thirty days after such determination, on or before which date all objections and claims for damages are required to be filed with the County Clerk (Section 2524).

(e) By Laws of Wyoming 1913, Chapter 73, (Section 2525) it is provided " that notice of the proposed establishing of the road shall be published for three successive weeks in three successive issues of some official paper published in the county, if any such there be, and if no newspaper be published therein, such notice shall be posted in at least three public places along the line of said proposed or altered road " and the Statute provides that " publication and posting of such notice shall be a legal and sufficient notice to all persons owning lands or claiming any interest in lands over which the proposed road is to be located or altered." The Statute does not require that the notice shall state the time within which objections and claims may be filed and there is no direct statutory requirement that the Board shall hear objections to the establishment of a road or claims for damages, although it is given power " to continue all such claims for a further hearing " until the matter can be disposed of (Section 2527).

(f) When claims for damages are filed, the Board, " at its next regular or special meeting, or as soon thereafter as may be practicable or convenient " is required to appoint three suitable and disinterested electors of the county as appraisers to view the road, on a day to be fixed by the Board, and to report in writing within thirty days fixing the amount of damage sustained by the claimants (Section 2528).

(g) The appraisers are required to view the ground and fix the amount of damages sustained by each claimant

after allowing for benefits which may accrue by reason of the location of the road. They may notify claimants of the time and place of their meeting; and may hear evidence (Section 2530).

(h) At the next meeting of the Board of County Commissioners after the report of the appraisers has been filed, the Board may hear testimony and consider petitions and may fix damages, increasing or diminishing them, and establish the road (Section 2531).

(i) There are no statutory provisions requiring notice of the meeting of appraisers to be given to claimants or giving to them a right to be heard, either by the Board of Appraisers or the Board of County Commissioners to whom the appraisers are required to report. But from the final decision of the Board establishing the road and fixing the amount of damages, any applicant for damages may appeal to the District Court of the County, which has jurisdiction to determine the amount of the. damages in the same manner as in a court action. Notice of appeal is required to be filed with the Clerk of the Court within thirty days after the decision of the Board (Section 2336).

A written instrument purporting to be a petition for location of the road in question was filed with the Board of County Commissioners and the Chairman of the Board thereupon appointed himself a viewer pursuant to Sec. 2524 of the Road Law. Acting in that capacity, he reported to the Board recommending the establishment of the road. Public notice dated May 8, 1917, of the proposed establishing of the road was given by publication, in accordance with the Statute for four successive weeks, in a local newspaper, the first publication being dated May 9th and the last being dated May 30th, 1917. In the form provided by the Statute and in accordance with a permissive provision of the Statute (Sec. 2525 as amended), the notice as published contained the informa-

tion that all objections to the proposed road and all claims for damages " must be " filed not later than June 7, 1917. By stipulation entered into by plaintiff with the Board, the time to file claims for damages was extended until July 7, 1917. On June 30, 1917, which was after the date fixed by the published notice for filing objections and claims, and more than thirty days after the decision of the Board to locate the road and more than thirty days after publication of the notice, plaintiffs filed objections to the establishment of the road as unauthorized under the laws and Constitution of the State of Wyoming and of the United States and made claim of damages, without specifying any amount, for the opening of the road.

In the meantime and on June 8, 1917, the Board appointed appraisers to determine the damages occasioned by the establishment of the proposed road, directing them to view the said proposed road for the purpose of determining damages. On the 16th day of June, 1917, they reported that the benefits to be derived from the road exceeded the damages to land owners. The proceedings had by the appraisers were *ex parte* and without notice to the plaintiff. Thereafter, on August 10, 1917, the Board of County Commissioners of Platt County took final action establishing the road in accordance with the petition and took no action fixing or determining the damages of any claimant. Plaintiff took no appeal from the determination of the County Commissioners authorizing the location of the road as provided by Section 2536, and on November 30, 1917, brought its action for an injunction.

*Mr. George G. King,* with whom *Messrs. Max Pam, Harry Boyd Hurd* and *Roderick N. Matson* were on the brief, for plaintiff in error.

No brief filed for defendants in error.

Mr. Justice Stone, after stating the case as above, delivered the opinion of the Court.

In the Supreme Court of Wyoming, on error to the District Court of Platt County, plaintiff urged various technical objections to the procedure had under the road law of Wyoming for the establishment of the proposed road, particularly that the petition for the establishment of the road was insufficient within the provisions of the Statute and also duly presented to the Court for its consideration the constitutional objections which are urged here.

The Supreme Court of Wyoming held that the procedure followed complied with the statutory requirements. By that determination we are bound. *American Land Co. v. Zeiss*, 219 U. S. 47; *Quong Ham Wah Co. v. Industrial Accident Commission*, 255 U. S. 445. That court also held that under the terms of the Statute, Section 2524, the time for filing objections to the establishment of the road and claims for damages could not be extended by the Board of County Commissioners and that the plaintiff having failed to file its objection and claim within the statutory period, was thereby foreclosed from further proceedings under it. By this interpretation of the meaning and effect of the Statute of Wyoming we are likewise bound, but we are nevertheless free to inquire whether the Statute as interpreted and applied by the State Court denies rights guaranteed by the Constitution and to consider the contention of plaintiff in error that the Statute itself is unconstitutional because of the insufficiency of the required notice of the proceedings had under it, and because by it plaintiff was denied a hearing within the meaning of the due process clause of the Fourteenth Amendment.

Under the requirements of that Amendment, property may not be taken for public use without reasonable notice of the proceedings authorized for its taking and

without reasonable opportunity to be heard as to substantial matters of right affected by the taking. But a state statute does not contravene the provisions of that Amendment unless, in some substantial way, it infringes the fundamental rights of citizens and, in passing on the constitutionality of a state law, its effect must be judged in the light of its practical application to the affairs of men as they are ordinarily conducted.

All persons are charged with knowledge of the provisions of statutes and must take note of the procedure adopted by them; and when that procedure is not unreasonable or arbitrary there are no constitutional limitations relieving them from conforming to it. This is especially the case with respect to those statutes relating to the taxation or condemnation of land. Such statutes are universally in force and are general in their application, facts of which the land owner must take account in providing for the management of his property and safeguarding his interest in it. Owners of real estate may so order their affairs that they may be informed of tax or condemnation proceedings of which there is published notice, and the law may be framed in recognition of that fact. In consequence, it has been uniformly held that statutes providing for taxation or condemnation of land may adopt a procedure summary in character, and that notice of such proceedings may be indirect, provided only that the period of notice of the initiation of proceedings and the method of giving it are reasonably adapted to the nature of the proceedings and their subject matter and afford to the property owner reasonable opportunity at some stage of the proceedings to protect his property from an arbitrary or unjust appropriation. *Huling* v. *Kaw Valley Railway & Improvement Co.,* 130 U. S. 559; *Ballard* v. *Hunter,* 204 U. S. 241, at p. 262.

The limitation of time provided by the Wyoming Statute for filing notice of objection and claim for

damages to thirty days after the determination of the Board of County Commissioners to establish a public road does not, on its face, appear to be unreasonable and no foundation is laid either in the record or briefs of counsel for the contention that it is, in its practical operation, unreasonable for that purpose, or that by it there was a denial of due process of law. A like or less period of notice by publication has been repeatedly held by this Court to satisfy the constitutional requirements for the initiation of proceedings to enforce assessment or tax liens. *Winona & St. Peter Land Co.* v. *Minnesota,* 159 U. S. 526; *Castillo* v. *McConnico,* 168 U. S. 674, 680; *Ballard* v. *Hunter, supra.*

So also with respect to judicial proceedings affecting title to land, *Arndt* v. *Griggs,* 134 U. S. 316; *Hamilton* v. *Brown,* 161 U. S. 256, and with respect to the condemnation or appropriation of land for public use, *Huling* v. *Kaw Valley Railway & Improvement Co., supra; Bragg* v. *Weaver,* 251 U. S. 57.

There remains for consideration the plaintiff's objection that the statutory method of giving notice of the proposed location of the road under Section 2525 of the Statute was insufficient and that plaintiff was afforded no opportunity for a hearing before either the appraisers or the Board of County Commissioners with respect either to the location of the road or the damage suffered by plaintiff by the opening of the road. The taking of property provided for by the Statute is a taking of land under the direction of public officers for a public use. As was held in *Bragg* v. *Weaver, supra,* the necessity and expediency of the taking of property for public use " are legislative questions, no matter who may be charged with their decision, and a hearing thereon is not essential to due process in the sense of the Fourteenth Amendment." *Joslin Co.* v. *Providence,* 262 U. S. 668, 678; *Georgia* v. *Chattanooga,* 264 U. S. 472, 483. With respect to the compensation

for the taking, however, due process requires that the owner be given opportunity to be heard, upon reasonable notice of the pending proceedings.   See *Bragg* v. *Weaver, supra.*

There being a newspaper published within Platt County, notice of the initiation of the proceedings for the establishment of the road by publication for three successive weeks in three successive issues of some official paper published in the County, is made mandatory by Section 2525 of the Public Road Law of Wyoming, as amended by Chapter 73 of the Laws of Wyoming of 1913, and the requirements of this Statute were fully complied with.   These requirements in all material respects are identical with those passed upon by this Court in *Huling* v. *Kaw Valley Railway & Improvement Co., supra,* in which it was held that a statute of Kansas providing that the condemnation of land for use for railroad purposes might be effected on thirty days' notice by publication in a newspaper, satisfied all the requirements of due process of law.

And see also *Bragg* v. *Weaver, supra,* holding that in proceedings for the condemnation of property for public use, notice by publication is constitutionally sufficient. See also *Castillo* v. *McConnico; Ballard* v. *Hunter; Arndt* v. *Griggs* and *Hamilton* v. *Brown, supra,* upholding a like procedure for the foreclosure of assessment or tax liens.

But the plaintiff in error objects to the procedure established by the Statute because, under it, plaintiff was afforded no opportunity for a hearing either before the Appraisers or the Board of County Commissioners, and in consequence, assuming the sufficiency of the notice, there was a denial of due process of law in determining the amount of damage or compensation to be awarded for the taking of plaintiff's property.   When there is a constitutional right to a hearing, as was held in *Bragg* v. *Weaver, supra,* one constitutional method of fixing

damages " among several admissible modes is that of caus-ing the amount to be assessed by viewers subject to an appeal to a court carrying with it a right to have the matter determined upon a full trial." This is the rule adopted in numerous other cases. See *Huling* v. *Kaw Valley Railway & Improvement Co., supra; Lent* v. *Tillson,* 140 U. S. 316, and *Winona & St. Peter. Land Co.* v. *Minnesota, supra.* It is the mode of procedure adopted by the Wyoming Statute. Section 2536 provides for an appeal to the District Court of the County within thirty days after the decision of the Board of County Commissioners establishing the road.

Plaintiff in error does not deny the soundness of the rule, but questions its applicability to the present case on the ground that the procedure established by the Statute affords no means of ascertaining at what time the final decision of the Board of County Commissioners establishing the road is made, and consequently when the time to appeal to the District Court, as provided by Section 2536, begins to run. It is urged that notwithstanding the fact that the Board of County Commissioners may lawfully meet and reach a final decision, and notwithstanding the fact that the Board in the present case kept minutes and recorded its action in making final decision to establish the road in question, nevertheless the law provides for no public record from which the decision of the Board may be ascertained and claimants are denied any legal means of ascertaining whether in fact such action has been taken.

In making this contention, plaintiff in error overlooks the plain effect of Sections 1413 and 1424 of the Compiled Statutes of Wyoming of 1920 which were in force at the time of the proceedings in question. By Section 1413 it is provided that all meetings of the Board of County Commissioners are public meetings, and Section 1424 requires that all proceedings of the Board of County

Commissioners shall be published in a newspaper of the County and the County Clerk is required to furnish such paper with a copy of the proceedings of each meeting for that purpose, within forty-eight hours after adjournment. No contention was made in the courts below or here that the requirements of these sections of the law were not complied with, and there is no basis for such contention in the assignments of error.

Having in mind the character of the procedure in condemnation proceedings and the numerous decisions of this Court, to which reference has been made, establishing what is a due procedure in this class of cases, we have no hesitancy in holding that the method provided by Section 1424 of giving notice of the final decision of the Board of County Commissioners establishing the road is reasonably adapted to the other procedure laid down in the Statute, that it affords reasonable opportunity to claimants to ascertain the fact and that it satisfies all constitutional requirements. A land owner who had notice of the initiation of the proceedings for the opening of the road published in accordance with the Statute, which notice as we have seen under the decisions of this Court is constitutionally sufficient, would have experienced no practical difficulty in ascertaining when the Board of County Commissioners took final action, and by filing notice of appeal to the District Court within thirty days thereafter, he could have secured the full hearing to which he is constitutionally entitled. Having failed to adopt such procedure, the plaintiff cannot complain of a denial of due process of law.

The judgment of the Supreme Court of Wyoming is

*Affirmed.*