BOARD OF TRUSTEES EVANSVILLE WATERWORKS ET AL *v.*
PUBLIC SERVICE COMMISSION OF INDIANA ET AL.

[No. 469A76. Filed September 1, 1970. No petition for rehearing filed.]

*Robert S. Matthews, Ronald Warrum, Jerry P. Baugh, Toby D. Shaw,* of Evansville, for appellant.

*Theodore L. Sendak,* Attorney General, *Robert A. Zaban,* Deputy Attorney General, *Carl Van Dorn,* Public Counselor, for appellee.

ON APPELLEE'S MOTION TO AFFIRM OR DISMISS

PER CURIAM.—This matter is before us on the appellee's Motion to Affirm the Order of the Public Service Commission of Indiana and to Dismiss the Appeal.

It appears from the record that on March 28, 1969, the Commission issued its order which authorized the Board of Trustees, Evansville, Indiana, Waterworks Department (hereinafter referred to as Waterworks Department) to effectuate water service rate and charge increases. The Waterworks Department had sought an increase of one hundred percent above the then-existing rates. The Order issued by the Commission authorized an increase of approximately eighty percent over the existing rates. Pursuant to said Order, the Waterworks Department increased its rates approximately seventy to seventy-five percent in less than three weeks after the Order was issued. The appellants now seek an appeal from said Order of the Commission.

The general rule of law is that a party to a judgment impliedly waives his right to appeal therefrom if he voluntarily acquiesces in or recognizes the validity of such judgment by receiving the benefits thereof. See: Wiltrout, *Indiana Practice,* Vol. 3, § 2128, pp. 15, 16, and cases cited.

Burns' Indiana Statutes, § 2-3201, provides in pertinent part as follows:

"The party obtaining judgment shall not take an appeal after receiving any money paid or collected thereon."

It has been said that this statute is declarative of the common law principle which states that a party cannot claim the benefits of a decision and yet assert that it is erroneous, because these are inconsistent positions. *Indiana & Michigan Electric Co.* v. *Louck* (1961), 243 Ind. 17, 21, 181 N. E. 2d 855.

These principles applicable to review of judicial decisions have also been applied to cases of appeals from administrative agencies. Thus, in the case of *Youngstown Sheet and Tube Co.* v. *Review Board of the Indiana Employment Security Division* (1954), 124 Ind. App. 269, 116 N. E. 2d 648, this Court stated:

> "Without contradiction a party cannot appeal from a judgment after he has received money thereon. Likewise, where a decision is rendered by a Review Board which relieves the employer from disbursing funds for unemployment benefits under the Unemployment Security Act, such employer is in no position to appeal therefrom on account of no adverse decision being rendered against him.
>
> "Appeals from decisions of the Review Board are taken under the same terms and conditions as governed appeals in ordinary civil cases. We believe that the statutory provisions relative to appeals is declaratory of a common-law rule that a party cannot accept the benefits of a judgment and at the same time claim that it was erroneous, which is the position the appellant takes in this case by alleging in their assignment of errors that the decision is contrary to law. Sec. 2128, Flanagan, Wiltrout and Hamilton's, Trial and Appellate Practice."

The appellant relies on the provisions of Burns' Indiana Statutes, § 54-448, which provides in part as follows:

"All regulations, practices, installations and services prescribed, approved or required by the commission shall be

in force and shall be prima facie reasonable unless finally found otherwise by the Appellate Court or by the Supreme Court if the cause is transferred to and decided by that court: *Provided, however, That pending the appeal as in this act [§§ 54-443—54-453] provided, any public utility, rural electric membership corporation, or rural telephone cooperative association whose rate or rates are affected by the decision, ruling or order appealed from, shall have the right to collect the rate or rates as fixed by said decision, ruling or order, or the former rate, whichever is higher in amount, and such public utility, corporation or association shall refund the difference to each consumer or contract customer if such difference be not sustained upon appeal: . . . "* (Our emphasis.)

This section of the statute does not authorize a city, town, or municipality to collect the rates fixed by the Commission pending appeal.

Section 54-105, Burns' Indiana Statutes, specifically excludes municipalities from the definition of a public utility, as follows:

"The term 'public utility' as used in this act shall mean and embrace every corporation, company, individual, association of individuals, their lessees, trustees, or receivers appointed by any court whatsoever, that now or hereafter may own, operate, manage or control any street railway or interurban railway or any plant or equipment within the state for the conveyance of telegraph or telephone messages, or for the production, transmission, delivery or furnishing of heat, light, water or power, or for the collection, treatment, purification and disposal in a sanitary manner of liquid and solid waste, sewage, night soil and industrial waste, *but said term shall not include a municipality that may now or hereafter acquire, own, or operate any of the foregoing facilities.*" (Our emphasis.) See also: *Robert H. Meyers, et al* v. *Evansville, Indiana Water Works Department* (1970), 147 Ind. App. 372, 261 N. E. 2d 88.

Section 54-443 of Burns' Indiana Statutes authorizing an appeal to the Appellate Court from a decision of the Commission includes a city or town as entities which may appeal, as follows:

"Any person, firm, association, corporation, city, town or public utility adversely affected by any final decision, ruling, or order of the public service commission of Indiana, may, within thirty [30] days from the date of entry of such decision, ruling, or order, appeal to the Appellate Court of Indiana. . . ."

Referring back to Section 54-448, *supra*, we see that the words "municipality", "city" and "town" are conspicuous by their absence. We therefore conclude that the legislature specifically excluded municipalities, cities and towns from the provisions of this section of the statute. By reference to Section 54-105, *supra*, we see that the legislature specifically excluded a municipality from the definition of the term "public utility."

There is no statutory provision therefore, by which the appellant can bring itself within the scope of Section 54-448 and collect rates for water at the level authorized by the Commission and at the same time appeal that order.

For all of the above and foregoing reasons, the appellee's Motion to Dismiss is sustained, and this appeal is now dismissed.

White, J., dissents.

NOTE.—Reported in 261 N. E. 2d 373.