STATE of Indiana, ex rel. Nevin
WRIGHT, Relator,

v.

The MORGAN COUNTY COURT and the
Honorable R. Steven Donovan, and the
Honorable James E. Harris, as Judges
Thereof, Respondents.

and

STATE of Indiana, ex rel. Nevin
WRIGHT, Relator,

v.

The MORGAN CIRCUIT AND SUPERI-
OR COURT and the Honorable James E.
Harris, and the Honorable G. Thomas
Gray, as Judges Thereof, Respondents.

No. 383S85.

Supreme Court of Indiana.

July 22, 1983.

Stephen A. Oliver, Boren & Oliver, Mar-
tinsville, for relator.

James E. Harris, G. Thomas Gray, and R.
Steven Donovan, pro se.

GIVAN, Chief Justice.

Relator Nevin Wright sought a Writ of
Mandamus and Prohibition from this Court
against Respondents. After a hearing held
on March 14, 1983, we denied the petition
for the writ. We now ratify the denial of
that petition.

The facts are these. On November 15,
1982, Morgan County Prosecutor G. Thomas
Gray filed a two-count information in Mor-
gan Superior Court charging Relator as de-
fendant. On December 27, 1982, the judge
of the Morgan Superior Court entered an
order transferring the cause of action
against Relator, along with about one hun-
dred other causes, to the Morgan Circuit
Court, pending consent of that court. On
December 30, 1982, the Morgan Circuit
Court consented to this transfer and or-

dered Relator's cause redocketed in that court.

The record reflects one of the underlying reasons for this transfer is that Morgan County Prosecutor Gray had been elected as judge of Morgan Superior Court in the election held that fall, his term of office to begin January 1, 1983. Thus, without taking some kind of action, Gray would be sitting as judge in a case he had commenced and in which he had participated as an attorney due to his role as prosecutor when the case was filed.

■ There is no dispute that a judge may not sit in a case where he has had a role as attorney for one of the parties. Canon 3 of the *Code of Judicial Conduct* provides in part:

"C. Disqualification

(1) A judge should disqualify himself in a proceeding in which his impartiality might reasonably be questioned, including but not limited to instances where:

\*   \*   \*   \*   \*   \*

(b) he served as lawyer in the matter in controversy ...."

The record shows the Morgan Superior Court's order to transfer Relator's case to Morgan Circuit Court is premised on I.C. § 34-2-11-2 [Burns 1973]. That statute reads:

"Transfer of cases to circuit court—Superior Court docket overloaded. In such counties the judge of the superior court may, with the consent of the judge of such circuit court, transfer any action, cause or proceedings filed and docketed in such superior court to such circuit court by transferring all original papers and instruments filed in such action, cause or proceeding without further transcript thereof to be redocketed and disposed of as if originally filed with said circuit court, in any of the following instances:

Whenever more cases are filed in said superior court during any term of said court than can be disposed of with expedition, and in all other cases where, in the opinion of said superior court, an early disposition of said case is required."

Relator petitions this Court for a Writ of Mandamus and Prohibition ordering Respondents to rescind the transfer of December 27, 1982, redocket the cases in Morgan Superior Court, and ordering Respondent Morgan Superior Court and the Honorable G. Thomas Gray as judge thereof to proceed to appoint a special judge in his case under the procedures set forth in Ind.R.Cr.P. 13, in order to handle the problem addressed in Canon 3(C)(1)(b) of the *Code of Judicial Conduct.* Criminal Rule 13 provides in part:

"Hereafter whenever in any criminal proceeding, in any court except the court of justice of the peace and magistrates, it shall become necessary to select a special judge, the exclusive manner of his selection shall be as follows:

(1) The presiding judge, or if there be no such judge, the regular judge of the court shall submit a list of three [3] persons from which, by striking, an appointee may be selected. In a moving party proceeding each party shall strike one [1] name from such list. The moving party shall strike first. From the name or names remaining the judge submitting such list shall select and appoint the special judge. In cases where a judge on his own motion, disqualifies himself, the prosecutor shall strike first."

Relator's position is that in this case the Morgan Superior Court is required to use the procedure outlined in CR 13(1) to handle the problem his case presents; that is, that the presiding judge of that court is to submit a list of three qualified persons under the rule from which the parties will strike (the prosecutor striking first) to select a special judge to sit in the case in that court. He calls our attention to the language in the preamble of CR 13 to the effect that the procedures described therein shall be "the exclusive manner of [the selection of a special judge] ...."

Relator also asserts Ind.R.Tr.P. 79 cannot be applied in the instant case. That rule provides in part:

"Hereafter whenever in any proceeding, whether civil, statutory or criminal, except in actions under Trial Rule 60.5, in any court except the courts of magistrates, it shall become necessary to select a special judge, the exclusive manner of his selection shall be as follows:

(1) Whenever the regular judge or presiding judge of any court or his spouse, or a person within the third degree of relationship to either of them, or the spouse of such person

\* \* \* \* \* \*

(b) is acting as a lawyer in the proceeding

\* \* \* \* \* \*

the venue of which is before such judge, he shall disqualify himself immediately and cause such fact to be certified to the Supreme Court which shall thereupon appoint a special judge." *Id.*

Relator's position with regard to CR 13 and TR 79(1) is that though the language of TR 79(1) is clearly reflective of that of Canon 3(C)(1)(b) of the *Code of Judicial Conduct,* the mandatory language of CR 13 clearly requires only the procedure described there can be utilized in the instant case to select a special judge. He points out Ind.R.Cr.P. 21 provides the Indiana Trial Rules do not apply in a criminal case where application of a Trial Rule [Rule 79(1) in this case] would produce a different result than would application of a Criminal Rule [Rule 13(1) in this case].

As to the conflict between CR 13 and I.C. § 34–2–11–2, Relator cites *Shaw v. State,* (1978) 178 Ind.App. 101, 381 N.E.2d 883 in support of his position that the statute can be of no effect. In that case the Court of Appeals reversed the appellant's criminal conviction after the trial court had appointed a special judge on the authority of I.C. § 33–9–4–1 [Burns 1975] (repealed by Indiana Acts 1978, P.L. 2, § 3309). The Court in that case held the statute could be of no effect due to the promulgation of the Rules of Trial Procedure, including TR 79. It had already been held that whenever there was a conflict between a procedure provided for

by statute and one provided for in the Criminal or Trial Rules, the latter governed and the statute was inoperative. *In Re: Public Laws 305 and 309* (1975), 263 Ind. 506, 334 N.E.2d 659; *State v. Bridenhager* (1972), 257 Ind. 699, 279 N.E.2d 794. Thus the Court concluded in the *Shaw* case the statutory procedure for selecting a special judge could not be utilized.

We first note the question of whether CR 13(1) or TR 79(1) controls the manner in which a special judge should be selected to hear Relator's case is not the issue. It is apparent that given the facts in this case Relator cannot mount a challenge to special judge selection under TR 79(1) because that is not what has actually occurred here. Since the procedure that was followed was that provided for in I.C. § 34–2–11–2, the issue is whether that procedure is valid or whether, in the alternative, the procedure provided for in CR 13(1) must be followed in this case.

Turning to the statute, it is apparent I.C. § 34–2–11–2 contemplates a transfer from a superior court in a county to a circuit court in that county "[w]henever more cases are filed in said superior court during any term of said court than can be disposed of with expedition, and in all other cases where, in the opinion of said superior court, an early disposition of said case is required." *Id.*

Turning to the record in the instant case, we find one of the findings of the Morgan Superior Court in its "Order of Transfer to the Morgan Circuit Court" was "[t]hat the appointment of numerous Special Judges to handle the cases in which G. Thomas Gray would have to disqualify himself . . . would . . . create a condition thwarting an early disposition of this case [and] an early disposition of the case is appropriate and required." Also, following a hearing in Morgan Circuit Court on a Motion in Opposition to Transfer later filed by Relator, that court adopted as its own the findings of the Morgan Superior Court quoted above. Given this state of the record, it is apparent this case falls within that part of I.C. § 34–2–11–2 authorizing transfer of cases

from superior to circuit court because leaving the case in the superior court would block its early disposition and an early disposition of the case is required.

█ Turning to the basic question of whether the statute can have any validity in light of CR 13, we see a fundamental distinction between the statute stricken down in *Shaw, supra,* and I.C. § 34–2–11–2. Unlike the statute in the *Shaw* case, the statute here does not deal with a procedural matter that is covered in the Criminal or Trial Rules promulgated by this Court. The statute held inoperative in that case purported to authorize "the presiding judge . . . when the business of [the] court becomes congested [to] *appoint a special judge* . . . ." (Emphasis added.) Indiana Code § 33–9–4–1 [Burns 1975] (repealed by Indiana Acts 1978, P.L. 2, § 3309.) Indiana Code § 34–2–11–2, however, does not deal with the authority of the presiding judge to appoint a special judge in a criminal case, nor does it deal with any other procedural matter addressed in the Rules promulgated by this Court. It simply provides the superior court with the authority to transfer cases to the circuit court when certain conditions are met. There is nothing in either the Criminal or Trial Rules governing such transfer. Thus there is no conflict between a statutory procedure and a procedure governed by the Criminal or Trial Rules in this case. A procedural statute that does not conflict with any of the court rules may be held operative. *State v. Bridenhager, supra.*

It is true there is a logical connection between the inability of Gray to sit as judge in the Morgan Superior Court in Relator's and many other cases and the transfer of December 27, 1982, premised on I.C. § 34–2–11–2. The judge of that court hypothesized that the anticipated need to avoid having Gray do so provided the basis for his finding that it would be difficult to expeditiously dispose of Relator's case unless a transfer were effected. However, we see no problem with approving the action of the Morgan Superior Court in this regard merely because there is a relationship between the transfer and Canon 3(C)(1)(b) of the *Code of Judicial Conduct* and also those parts of CR 13 and TR 79 that prohibit a judge from sitting in a case in which he has acted as a lawyer. Here the court made the necessary finding, and we cannot say it abused its discretion in doing so. This is particularly true in light of the fact the judge of the Morgan Circuit Court before January 1, 1983, as well as the judge of that court after that date consented to the transfer.

█ We would concede the Morgan Superior Court could have handled the problem of Gray's inability to sit as judge in Relator's and other cases by proceeding under CR 13(1), naming a panel of three qualified persons from which the parties would alternatively strike until the special judge was selected in each case. But the court was also possessed of authority by virtue of I.C. § 34–2–11–2 to do what it did, transfer the cases to Morgan Circuit Court on the basis of a finding that not doing so would "[thwart] an expeditious disposition of this case [and] an early disposition of the case is . . . required." The alternative of transfer under I.C. § 34–2–11–2 is available so long as it is supported by such finding.

The denial of Relator's Writ of Mandamus and Prohibition is hereby ratified.

All Justices concur.