**Jack L. EMLEY, Appellant (Defendant Below),**

v.

**INDIANA DEPARTMENT OF STATE REVENUE, Appellee (Plaintiff Below).**

No. 36A01–8810–CV–327.

Court of Appeals of Indiana, First District.

April 12, 1989.

---

John M. Lewis, Seymour, for appellant.

Roger P. Hoffman, Pro. Corp., Westport, for appellee.

ROBERTSON, Judge.

Jack L. Emley appeals a judgment in favor of the Indiana Department of State Revenue in the amount of $7,343.05. The Department sought by motion for proceedings supplemental to satisfy certain judgment liens filed against Emley on July 19, 1985 by garnishing Emley's wages. Although the trial court issued an order requiring Emley and garnishee defendant Hearing Aid Center to appear, the hearing which followed did not address the available non-exempt property or wages owed or due Emley but focused instead upon Emley's objections to the validity of the Department's judgment liens.

On Emley's motion, the trial court stated its findings of fact and conclusions of law specially, ruling that Emley was precluded from questioning the amount or legality of the assessment against him because he failed to protest the assessment or make his objections known to the Department as required by statute. The trial court then examined the tax warrants, assessments and notices offered by the Department, concluded that the Department had valid, enforceable liens against Emley for sales and withholding taxes owed by Tote A Poke Fried Chicken of which Emley had been president, and entered the judgment in favor of the Department.

Emley argues in this appeal that:

(1) the trial court erred in finding he was "president, a responsible officer" from May, 1974 to April 1, 1977 because there was no evidence to support such a finding;

(2) the trial court erred in its conclusion that Emley was precluded from contesting the State's determination that he was president during the entire period for which the taxes were due and from challenging the constitutionality of the notice he received by failing to respond within the statutorily-prescribed period;

(3) the warrants are duplicative; and,

(4) the alias warrants are invalid because the non-alias warrants were not renewed within ten years of filing.

Although we conclude that Emley is correct in his assertion that certain of the Department's liens are no longer enforceable against him, we find that a few of the liens were renewed in a timely fashion. Consequently, we must consider Emley's other challenges to the judgment. Before we consider those contentions, we will briefly address the Department's assertion that the appeal should be dismissed because Emley paid the judgment prior to initiating this appeal.

## I.

## Dismissal

In 1969, the legislature adopted certain statutory rules of procedure which included the following:

(d) Effect of payment of judgment on appeal. Subject to an agreement to the contrary, any appeal, and any relief sought to reverse or avoid a judgment or order as permitted by these rules shall not be denied to a party ...

(2) who has paid or performed a judgment or order against him or been subjected to enforcement thereof.

A party who has paid, performed or been subjected to enforcement of the judgment or order shall be entitled to restitution if it is reversed or avoided and if judgment, in whole or in part, is entered in his favor....

1969 Acts, ch. 191, Sec. 1, Rule 72(d).

The General Assembly adopted and incorporated this procedural rule into the Indiana Code in 1984. IND.CODE 34-5-1-6(1984). Even though the supreme court has not published this rule with the court's own rules of procedure, the provision retains vitality so long as it does not conflict with any other rule of court. *Richards v. Crown Point Community School Corp.* (1971), 256 Ind. 347, 269 N.E.2d 5, 8; *State ex rel. Wright v. Morgan County Court* (1983), Ind., 451 N.E.2d 316, 319. *See also,* Ind.Rules of Procedure, Appellate Rule 4(B).

While other portions of former rule 72 have been superseded by the court's appellate rule 4(A) and (B), none of the current appellate or trial rules deal with the effect of the payment of a judgment on an appeal. Under these circumstances, where neither the appellate or trial rules govern the effect of such a payment, the rules are not incompatible and the procedural rule enacted by the legislature operates. *State ex rel. Wright v. Morgan County Court, supra* at 319. Accordingly, Emley's appeal is not subject to dismissal on this basis.[1]

## II.

## Exhaustion of Remedies/Notice

Emley argues the trial court erred in concluding he could not challenge the amounts assessed or the constitutional deficiencies of the Department's notice because he failed to make his objections known to the Department at an earlier point in the proceedings.

Indiana law permits a retail merchant who collects sales and use taxes on behalf of the State to challenge the validity of an assessment made by the Department of State Revenue by one of two statutory mechanisms. The retail merchant may either remit the amount assessed and then seek a refund through administrative channels, *see* I.C. 6-2-1-19 (1955); I.C. 6-3-6-4 (1963), now I.C. 6-8.1-9-1(1980) (amended 1985), or he can protest the proposed assessment by submitting his objections to the Department within thirty days of the mailing of notice of the proposed assessment. *See,* I.C. 6-2-1-51(c) (1963) (amended 1971); I.C. 6-3-6-2 (1963) (amended 1977), and I.C. 6-2-1-17 (1933) (amended 1971) (now I.C. 6-8.1-5-1 (1980) which gives 60 days to file written protest.) Our courts have uniformly held that these administrative remedies are the retail merchant's exclusive means of contesting the amount of tax and its legality, even when the constitutionality of the legislative scheme is assailed. *See, e.g., Mathis v. Cooperative Vendors, Inc.* (1976), 170 Ind. App. 659, 354 N.E.2d 269, *trans. denied;*

---

1. We acknowledge the existence of I.C. 34-1-47-1, first enacted in 1881, which precludes the party obtaining a judgment from taking an appeal after receiving money paid or collected on the judgment. This statute is a codification of the common law rule that a party cannot claim the benefits of a decision while asserting error. *See, Board of Trustees v. Public Service Comm'n* (1970), 147 Ind.App. 404, 261 N.E.2d 373. Our courts have not interpreted the provision as a basis for finding a waiver of the right to an appeal when a judgment defendant pays a judgment rendered against him, unless it appears the controversy has been settled or the appealing party has no further interest in the matter. *Hammond, Whiting and East Chicago Railway Co. v. Kaput* (1915), 61 Ind.App. 543, 546, 110 N.E. 109. *See, also, State v. Maplewood Heights Corp.* (1973), 261 Ind. 305, 302 N.E.2d 782. Neither allegation has been made by the Department here.

*Felix v. Indiana Department of State Revenue* (1986), Ind.App., 502 N.E.2d 119; *State ex rel. Indiana Dept. of State Revenue v. Marion Circuit Court* (1970), 255 Ind. 501, 265 N.E.2d 241.

■ Emley did not respond to the notice of assessments sent by the State even though he personally received them; neither did he pay the tax and then challenge its validity by requesting a refund. Consequently, the trial court correctly concluded that Emley was precluded from contesting the Department's determination that he was a responsible corporate officer with a duty to remit the taxes or that he did not hold taxes for the state in the amounts assessed. It follows then that his sufficiency argument and contention that he was wrongly assessed twice for the same months can not now be considered by us in this appeal.

However, the trial court's conclusion Emley could not attack the notice he received on constitutional grounds begets doubt about whether all constitutional claims may be foreclosed by a failure to pursue administrative remedies. We need not resolve that question in this case, though, because the notice Emley received is not constitutionally defective as he alleges.

Emley's claim is that he was denied due process because the Department's notice did not advise him that if he failed to protest, a tax warrant would issue which might ultimately become a judgment lien. Emley's complaint seems to be that the Department should have explained the statutory scheme devised by the legislature for the collection of sales and use taxes. He does not object to the notice on the ground that it failed to adequately advise him of his right to protest.

It has uniformly been held that states may, in the area of taxation, adopt procedures which are summary in character and that notice of such proceedings may be indirect, provided that the period of notice of the initiation of proceedings and the method of giving it are reasonably adapted to the nature of the proceedings and their subject matter, and afford the property owner a reasonable opportunity at some stage of the proceedings to contest an arbitrary or unjust assessment. *See, e.g., North Laramie Land Co. v. Hoffman* (1924), 268 U.S. 276, 283, 45 S.Ct. 491, 494, 69 L.Ed. 953. As a general proposition, all persons are charged with knowledge of the provisions of statutes and must take note of the procedure adopted by them. This rule is especially true in the area of taxation, because such statutes are universally in force and are general in their application, facts which a land owner must take into account when safeguarding his interest in property. *Texaco, Inc. v. Short* (1982), 454 U.S. 516, 533, 102 S.Ct. 781, 794, 70 L.Ed.2d 738. *See also, Van Orman v. State* (1981), Ind.App., 416 N.E.2d 1301, 1306.

This is not to suggest however that in adjudicatory proceedings, the Department is relieved of its obligation to provide notice reasonably calculated, under all the circumstances, to apprise an interested party of the pendency of proceedings and to afford an opportunity to object. *Mullane v. Central Hanover Bank & Trust Co.* (1949), 339 U.S. 306, 314, 70 S.Ct. 652, 657, 94 L.Ed. 865. Presumably, Emley is arguing that the notice he received did not meet these minimal prerequisites because it did not advise him of the ultimate consequences of his failure to respond.

As a factual matter, we observe that Emley received a series of nineteen second notices. Each advised that notice was being issued pursuant to statute and if payment was not remitted within ten days, the retail merchant would "be subject to additional penalties and [the] account ... forwarded to the sheriff ... for the issuance of a warrant and collection of the amount due." Since these notices alerted Emley to the fact that collection would commence, the question becomes whether, beyond this advisement, it is reasonable to hold Emley to the presumption of knowledge of the legislative enactment's penalties and remedies.

We see no reason why when notified that collection would commence, Emley should not be expected to take the initiative and determine the ultimate consequences of his actions. This is not a situation involving wholly passive conduct, *see, e.g., Lambert v. California* (1957), 355 U.S. 225, 78 S.Ct.

240, 2 L.Ed.2d 228, but one involving a failure to act under circumstances which should have alerted the individual to the need for a heightened awareness. And, after all, Emley is not just a property owner but a businessman whom society rightly expects to pay greater attentiveness to regulatory obligations involving the conduct of his business affairs. *Texaco, Inc. v. Short, supra* 454 U.S. at 548, 102 S.Ct. at 802 (Brennan, J. dissenting).

■ Furthermore, the notice provided Emley need do no more than rationally accommodate the State's interests in the orderly, timely and efficient collection of taxes with Emley's interest in a fair determination. A notice which advises that a judgment lien may be acquired does nothing more to minimize the risk of an unfair or mistaken deprivation of property than one which warns that collection will commence. Since Emley has not shown the efficacy of the additional advisements he seeks, and a revision of the notice will necessitate the expenditure of additional time and money at the expense of other taxpayers, the balance weighs in favor of the State. *Cf., Holland v. King* (1986), Ind.App., 500 N.E.2d 1229, 1235. We conclude that the notice issued by the Department need not set forth the possible consequences of a retail merchant's failure to remit sales taxes in order to comport with the due process clause. Notice of the pendency of proceedings to collect the taxes and an opportunity to be heard before obtaining the lien is sufficient. *Cf., Ross v. Martin* (8th Cir.1986), 800 F.2d 808.

### III.

### Validity of Liens

■ Emley argues that the Department no longer has valid liens upon which to proceed because the Department failed to renew each of its liens by alias warrant before the expiration of the initial ten-year period. The Department premised its motion for *proceedings supplemental* on four alias warrants (referred to in this opinion as A423, A424, A425 and A426) which it introduced into evidence as four separate exhibits. Each exhibit also contained the original warrants which were consolidated into the respective alias warrant, and copies of the notices and assessments which were sent to Tote A Poke Fried Chicken before each original warrant was issued. Of the original warrants, only those represented in alias warrant A425 and two of those consolidated into A423 were less than ten years old when the Department filed the alias warrants. All of the original warrants expired after 1980. Hence, we are called upon to determine the legal effect of the Department's failure to renew before the expiration of the initial ten-year period.

The parties direct us to the provisions related to collection found in I.C. 6–8.1–8–1 *et seq.,* but I.C. 6–8.1–11–1(a) provides that if the tax liability was assessed prior to January 1, 1981, the rights and duties of the taxpayer and the State shall be determined by the assessment, hearing, appeals procedures and "limitations" which existed at the time of the tax liability assessment, notwithstanding the repeal of those provisions and limitations. Accordingly, we consider the provisions relating to tax warrants found in I.C. 6–8–7–1 through 6–8–7–3 (1947) which were in effect throughout the period when the tax liability represented by the four exhibits was assessed. Those sections of the code provided in relevant part:

> Whenever by any law of this state any warrant is issued by the State for the collection of any tax or excise due the State and such warrant is recorded in the judgment record of any court of this state, any lien established thereby shall expire ten [10] years after the date of such warrant unless the same be extended as hereinafter provided.

I.C. 6–8–7–1.

> Any officer or agency of the State authorized to issue any such warrant is hereby authorized and empowered to issue successive alias warrants at any time after the issuance of said original warrant, ...

I.C. 6–8–7–2.

> If any such alias warrant shall be recorded in the judgment records of the court in whose judgment records the original warrant shall appear, then such alias warrant shall extend *any unexpired lien* for taxes ... and shall create a lien in the amount of all other taxes or excises stated therein. Such extended and/or

additional lien shall then expire ten [10] years after the date of such alias warrant.

I.C. 6–8–7–3. (Emphasis added.)

Inasmuch as all of the original warrants consolidated into A424 and A426, and all but two of those represented in A423 had expired at the time the alias warrants were filed, we are compelled to conclude that that portion of the trial court's judgment predicated upon these warrants is in error.

Although we have reservations about the appropriateness of the Department's use of proceedings supplemental in this case, our review is limited by the posture of the case as decided below and as it reaches us on appeal. Since Emley attacks only the Department's *liens*, we are unable to address the validity of the trial court's judgment in any other respect.

The judgment of the trial court is reversed in part.

RATLIFF, C.J., and CHEZEM, J., concur.